[Cite as *State v. Kennedy*, 2011-Ohio-4291.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY**

STATE OF OHIO                                          :

                                                              :          Appellate Case No. 2011-CA-3

             Plaintiff-Appellee                       :

                                                              :          Trial Court Case No. 2009-CR-297

v.                                                              :

                                                              :

DALE A. KENNEDY                      :          (Criminal Appeal from

                                                              :             Common Pleas Court)

             Defendant-Appellant            :

                                                              :

                                             . . . . . . . . . . .

**O P I N I O N**

Rendered on the 26th day of August, 2011.

. . . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. #0055607, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

JOSHUA S. CARTER, Atty. Reg. #0084925, 5405 Fairford Court, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Dale Kennedy appeals from his conviction and sentence for Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs (OVI), in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d)(i), with a specification under R.C. 2941.1413 that Kennedy had at least five prior convictions of a similar nature within the past twenty years.

**{¶ 2}** Kennedy contends that because he was subject to the R.C. 2941.1413 specification of mandatory incarceration for five OVI offenses within twenty years, the trial court erred in sentencing him to a mandatory term of incarceration on the underlying OVI offense. Kennedy further argues that his plea was invalid because he was misinformed about the sentencing guidelines, and because of other errors the trial court made in accepting his plea. In addition, Kennedy maintains that the trial court erred by not imposing the minimum sentence or by not imposing community control. Finally, Kennedy contends that trial counsel rendered ineffective assistance by failing to research statutory requirements of the crime that Kennedy allegedly violated, and by consenting to the forfeiture of Kennedy's vehicle.

**{¶ 3}** We conclude that the trial court erred in sentencing Kennedy to a 60-day mandatory term in conjunction with his underlying OVI conviction. Under R.C. 4511.19(G)(1)(d)(i), the trial court could have sentenced Kennedy to a mandatory prison term of one to five years, because Kennedy pled guilty to a specification violation under R.C. 2941.1413. The trial court could also have sentenced Kennedy to an additional six to 30 months on the underlying OVI charge, pursuant to R.C. 4511.19(G)(1)(d)(i). The court could not properly make 60 days of the OVI sentence mandatory, however, because the provisions for 60-day mandatory sentences in R.C. 4511.19(G)(1)(d)(i) relate only to situations that do not involve R.C. 2941.1413 specifications.

**{¶ 4}** We further conclude that Kennedy's guilty plea was valid. Under the totality of the circumstances, Kennedy did not misunderstand the consequences of his plea, nor were there any prejudicial effects.

**{¶ 5}** We additionally conclude that the trial court did not abuse its discretion when it

failed to impose either the minimum sentence or community control. With the one exception already noted, Kennedy's sentence was not contrary to law, and the court did not act unreasonably in imposing sentence.

{¶ 6} Finally, we conclude that Kennedy was not denied effective assistance of counsel. Although the parties and the trial court were all mistaken about imposition of the mandatory 60-day sentence under R.C. 4511.19(G)(1)(d)(i), Kennedy did not prejudicially rely upon that mistake in deciding to plead guilty, because the correctly applied sentence would actually be less severe. Trial counsel also did not provide ineffective assistance regarding the forfeiture of Kennedy's vehicle. Kennedy agreed to forfeiture of the vehicle after conferring with his attorney.

{¶ 7} Accordingly, that part of the judgment of the trial court making 60 days of Kennedy's one-year sentence for OMVI mandatory is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for the purpose of carrying the sentence, as modified, into execution, including notification of the proper authorities.

I

{¶ 8} In December 2009, Dale Kennedy was indicted on two counts. Count One alleged that Kennedy had violated R.C. 4511.19(A)(1)(a) and(G)(1)(d)(i), by operating a motor vehicle under the influence of drugs or alcohol, and that Kennedy had been convicted of or had pled guilty to three or four violations of R.C. 4511.19(A) or (B) within the previous six years, or within twenty years previously, had been convicted of five or more violations of that nature. Count One contained a specification under R.C. 2941.1413 that Kennedy, within

twenty years of the offense, had been convicted of, or had pled guilty to, five or more equivalent offenses.

{¶ 9} Count Two alleged that Kennedy had violated R.C. 4511.19(A)(1)(h) and (G)(1)(d)(ii) by operating a motor vehicle while having an improper concentration of alcohol in his breath, and that Kennedy had been convicted of or had pled guilty to three or four violations of R.C. 4511.19(A) or (B) within the previous six years, or within twenty years previously, had been convicted of five or more violations of that nature. Count Two also contained a specification under R.C. 2941.1413.

{¶ 10} After initially pleading not guilty, Kennedy entered a plea of guilty to Count One and the specification in Count One. Count Two and the Specification to Count Two were dismissed with prejudice. The trial court then sentenced Kennedy to twelve months in prison on Count One, with 60 days of the twelve months to be mandatory, and to three years on the specification to Count One. The court ordered the sentences to be served consecutively. Kennedy was also ordered to complete a substance abuse and alcohol program, and his driver's license was suspended for six years.

{¶ 11} Kennedy appeals from his conviction and sentence.

II

{¶ 12} Kennedy's First Assignment of Error is as follows:

{¶ 13} "BECAUSE KENNEDY WAS SUBJECT TO THE R.C. 2941.1413 SPECIFICATION OF MANDATORY INCARCERATION FOR FIVE OMVI OFFENSES WITHIN A TWENTY YEAR SPAN, THE TRIAL COURT ERRED BY SENTENCING

KENNEDY TO A MANDATORY PRISON TERM ON THE UNDERLYING OMVI OFFENSE WHICH IS CONTRARY TO THE PLAIN LANGUAGE OF R.C. 4511.19(G)(1)(D)(i) AND 2929.13(G)(2)."

{¶ 14} Under this assignment of error, Kennedy contends that the trial court erred in sentencing him to a mandatory term of 60 days on the underlying OVI offense. We agree.

{¶ 15} Kennedy pled guilty to the first count in the indictment, which alleged a violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d)(i), and to a specification to that count under R.C. 2941.1413. The trial court sentenced Kennedy to twelve months in prison on the OVI conviction in Count One, with 60 days of the sentence to be mandatory, and three years in prison on the specification, with the sentences to served consecutively.

{¶ 16} Kennedy argues that the trial court was prohibited from imposing a 60-day mandatory sentence by the unambiguous terms of R.C. 4511.19(A). The State contends that Kennedy invited the error. In addition, the State maintains that R.C. 4511.19(G)(1)(d)(i) and R.C. 2929.13(G)(2) conflict, and that we should reconcile the two statutes to give effect to both.

{¶ 17} R.C. 4511.19(A)(1) provides, in pertinent part, that:

{¶ 18} "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶ 19} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶ 20} R.C. 4511.19(G)(1) further states that anyone who has violated R.C. 4511.19(A)(1)(a)-(i) is guilty of operating a vehicle under the influence of alcohol or drugs.

R.C. 4511.19(G)(1) lists different penalties and degrees of crime for the violation, depending on the number of prior violations.

{¶ 21} For example, a first offense is classified as a first-degree misdemeanor, and the court is permitted to chose between a three-day jail term or an intervention program. The court may also sentence an offender to both intervention and jail, but the maximum cumulative sentence cannot exceed six months. R.C. 4511.19(G)(1)(a)(i).

{¶ 22} In contrast, R.C. 4511.19(G)(1)(d) deals with more serious situations, which involve offenders who have been convicted of or have pled guilty to three or four violations of R.C. 4511.19(A) or (B) within six years of the offense, or who have been convicted of or have pled guilty to five or more violations of that nature within twenty years of the current offense. In these situations, the offender is classified as having committed a fourth degree felony. The court is provided with three sentencing options, depending on whether the offender has pled guilty to or has been convicted of a specification under R.C. 2941.1413. R.C. 2941.1413 allows a mandatory additional prison term of one to five years to be imposed on offenders where the indictment specifies that they have been convicted of or have pled guilty to five or more equivalent offenses within twenty years of the current offense. Thus, under R.C. 4511.19(G)(1)(d), an offender's sentence will depend on whether the offender's indictment contains a specification.

{¶ 23} In this regard, R.C. 4511.19(G)(1)(d)(i) states that the court shall sentence the defendant as follows:

{¶ 24} "(i) If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two, three, four, or five years

as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code *or, in the discretion of the court, either* a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code *or* a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type."   (Italics added.)

{¶ 25} The statute thus offers three choices for a sentencing judge.  First, where a defendant is convicted of or pleads guilty to a specification under R.C. 2929.1413, the court is required to impose a mandatory prison term of one to five years.

{¶ 26} In all other situations involving R.C. 4511.19(G)(1)(d) – that is, where there is no specification of five or more convictions within twenty years – the trial court has the discretion to choose between two options:  (1) sentencing the defendant to a mandatory 60-day term of local incarceration; or (2) sentencing the defendant to a mandatory 60-day prison term.

{¶ 27} Once the court decides which of the three option applies, R.C. 4511.19(G)(1)(d)(i) contains further instructions about the sentence.  In this regard, the statute says that:

{¶ 28} "If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the

offense."

{¶ 29} If the court chooses the local incarceration option, it may chose whether the term is to be served in jail, a community based correctional institution, a halfway house, or an alternative residential facility. See R.C. 2929.13(G)(1). The court can also impose a jail term in addition, but the total cumulative sentence cannot exceed one year.

{¶ 30} Similarly, R.C. 4511.19(G)(1)(d)(i) provides that:

{¶ 31} "If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction."

{¶ 32} Thus, if the court imposes a mandatory prison sentence, either the one-to-five-year prison term for a specification situation, or the 60-day mandatory prison sentence for a non-specification situation, the court may also impose an additional sentence of six to thirty months, notwithstanding R.C. 2929.14(D)(4), which provides for sentences of seven to eighteen months for fourth-degree felony convictions.

{¶ 33} Accordingly, in the case before us, the trial court could have sentenced Kennedy only to a mandatory prison term of one to five years under R.C. 4511.19(G)(1)(d)(i), because Kennedy pled guilty to a specification violation. The court could also have

sentenced Kennedy to an additional six to 30 months on the underlying OVI charge. The court could not properly make 60 days of the OVI sentence mandatory, however, because that provision in R.C. 4511.19(G)(1)(d)(i) relates only to situations that do not involve R.C. 2941.1413 specifications.

{¶ 34} In contending that error occurred, Kennedy relies on two decisions from the Eleventh District Court of Appeals, which hold that a trial court cannot sentence a defendant to a mandatory 60-day term of imprisonment on the underlying OVI charge and to a one to five-year sentence on the R.C. 2941.1413 specification. See *State v. McAdams*, Lake App. No. 2010-L-012, 2011-Ohio-157, ¶12-16, and *State v. Stillwell*, Lake App. No.2006-L-010, 2007-Ohio-3190, ¶33-37.

{¶ 35} We agree with the Eleventh District Court of Appeals that a defendant cannot be sentenced to a mandatory 60-day term of imprisonment on the underlying OVI charge where the defendant is subject to a specification under R.C. 2941.1413. Accordingly, the trial court erred in sentencing Kennedy to the 60-day mandatory term.

{¶ 36} The State argues, however, that Kennedy should not be allowed to take advantage of this error, because he invited it.

{¶ 37} "The doctrine of invited error estops an appellant, in either a civil or criminal case, from attacking a judgment for errors the appellant induced the court to commit. Under that principle, a party cannot complain of any action taken or ruling made by the court in accordance with the party's own suggestion or request." *Royse v. Dayton*, Montgomery App. No. 24172, 2011-Ohio-3509, ¶11, citing *State v. Woodruff* (1983), 10 Ohio App.3d 326.

{¶ 38} In the case before us, there is no indication that Kennedy invited the error. The

trial court noted at the plea hearing that the legislative treatment of penalties for OVI is somewhat confusing. The court then told Kennedy that the possible penalty for the crime itself would include a minimum of six months and a maximum of 30 months, with the first 60 days of confinement mandatory. Transcript of March 22, 2010 Plea Hearing, pp. 7-8. The court asked Kennedy if he understood this, and Kennedy said that he did. Id. at p. 8. Of course, understanding what the trial court has said is not the same as agreeing with it. Neither the State nor defense counsel induced this error by the trial court, and Kennedy should not be charged with having invited the error.

{¶ 39} The State's second position is that the language of R.C. 2929.13(G)(2) seems to conflict with R.C. 4511.19(G)(1)(d)(i), by requiring offenders to serve the sentence for the specification prior to serving any other mandatory term imposed in relation to the offense.

{¶ 40} R.C. 2929.13(G)(2) provides, in pertinent part, that:

{¶ 41} "If the offender is being sentenced for a third degree felony OVI offense, or if the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or shall impose upon the offender a mandatory prison term of sixty days or one hundred twenty days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code if the offender has not been convicted of and has not pleaded guilty to a specification of that type. The court shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The offender shall

serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense."

{¶ 42} Courts construing R.C. 2929.13(G)(2) and R.C. 4511.19(G)(1)(d)(i) and (ii) have concluded that:

{¶ 43} "The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. See *State v. Midcap*, 9th Dist. No. 22908, 2006-Ohio-2854. Therefore, R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 'clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation.' " *State v. Stillwell*, Lake App. No. 2006-L-010, 2007-Ohio-3190. ¶26, quoting *Midcap*, 2006-Ohio-2854, ¶12.

{¶ 44} The above cases do not address any conflict between R.C. 4511.19(G)(1)(d) and R.C. 2929.13(G)(2), and the matter appears not to have been raised by the parties. Under the statutory scheme, however, defendants, like Kennedy, who plead guilty to, or are convicted of, a specification under R.C. 2941.1413 and the underlying charge of having violated R.C. 4511.19(A)(1)(a), are subject to a one-to-five year sentence on the specification, and a six-to-30-month sentence on the underlying charge, with the sentence on the specification to

be served consecutive and prior to the sentence on the underlying charge.

**{¶ 45}** We do agree with the State that the last sentence in R.C. 2929.13(G)(2) introduces some confusion by adding the words "consecutively to any other mandatory prison term imposed in relation to the offense." There is no indication what the legislature meant by this.

**{¶ 46}** The language in question was added when the legislature re-wrote R.C. 2929.13(G) in 2004. See Am. Sub. H. B. 163. The legislative analysis accompanying the bill states as follows:

**{¶ 47}** "Fourth degree felony state OVI. Under the act, subject to the provisions described below regarding third degree felony state OVI, state OVI is a felony of the fourth degree if, within six years of the offense, the offender previously has been convicted of three or four of the predicate offenses or if, within 20 years of the offense, the offender previously has been convicted of five or more predicate offenses. The offender may be sentenced to a definite prison term of not less than six months and not more than 30 months. The court must sentence the offender in accordance with the Felony Sentencing Law (R.C. 2929.11 to 2929.19), must impose as part of the sentence a mandatory prison term of one, two, three, four, or five years as required by and in accordance with R.C. 2929.13(G)(2) if the offender also pleads guilty to or also is convicted of a 'State OVI Five Prior Conviction Specification' as enacted in the act (see below), and must impose as part of the sentence either a mandatory term of local incarceration of 60 consecutive days of imprisonment for standard state OVI or 120 consecutive days for high-end state OVI in accordance with R.C. 2929.13(G)(1) or a mandatory prison term of 60 consecutive days of imprisonment for standard state OVI or 120

consecutive days for high-end state OVI in accordance with R.C. 2929.13(G)(2) if the offender does not plead guilty to and is not convicted of a specification of that type." Legislative Commission Service Final Analysis of Am. Sub. H.B. 163, pp. 10-11.

{¶ 48} This legislative analysis makes no specific comment about these matters, but does support the conclusion that the 60-day mandatory term does not apply where a specification exists.  The Final Analysis also mentions the part of the sentence in R.C. 2929.13(G)(2) that is under consideration, but does not make any comment specifically about the basis for the language that is used.

{¶ 49} Instead, the Final Analysis says only that "*The act requires that the offender serve the one-, two-, three-, four-, or five-year mandatory prison term imposed under this provision consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense* and expressly prohibits a grant of work release from the mandatory term."  Id. at p.12 (Italics in original).

{¶ 50} To the extent that R.C. 2929.23(G)(2) creates any ambiguity, we will not construe it to increase the penalty, particularly since R.C. 4511.19(G)(1)(d)(i) clearly indicates that  the 60-day mandatory sentence applies only to situations that do not involve R.C. 2941.1413 specifications.   See, e.g., *State v. Elmore,* 122 Ohio St.3d 472, 481, 2009-Ohio-3478, ¶38 (noting that "[t]he rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous"), and *State v. Young* (1980), 62 Ohio St.2d 370, 374 (holding that ambiguities in criminal statutes are resolved in

favor of defendants). Accord *State v. Carter*, Champaign App. No. 2005-CA-24, 2006-Ohio-984, ¶18, citing R.C. 2901.04(A).

{¶ 51} Accordingly, the trial court erred in stating that 60 days of the twelve-month sentence for the OVI conviction in Count One are mandatory.

{¶ 52} Kennedy's First Assignment of Error is sustained.


III

{¶ 53} Kennedy's Second Assignment of Error is as follows:

{¶ 54} "BECAUSE THE PRESIDING JUDGE, PROSECUTION, AND DEFENSE COUNSEL MISINTERPRETED THE SENTENCING GUIDELINES, BECAUSE THE JUDGE NEVER IDENTIFIED WHICH REVISED CODE SECTION KENNEDY VIOLATED, AND BECAUSE KENNEDY NEVER STATED 'GUILTY,' THE COURT'S ACCEPTANCE OF KENNEDY'S PLEA IS INVALID."

{¶ 55} Under this assignment of error, Kennedy contends that the court's acceptance of his plea was invalid due to several deficiencies: (1) all parties and the court misinterpreted the sentencing guidelines; (2) the trial judge never identified the Ohio Revised Code section that Kennedy violated; and (3) Kennedy never stated that he was "guilty." Kennedy concedes that these are non-constitutional requirements, which require only a showing of "substantial compliance" with Crim. R. 11(C)(2).

{¶ 56} Crim. R. 11(C)(2) provides, in pertinent part, that:

{¶ 57} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the

defendant personally and doing all of the following:

**{¶ 58}** "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

**{¶ 59}** "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." *State v. Nero* (1990), 56 Ohio St.3d 106, 108. (Citations omitted).

**{¶ 60}** We have reviewed the transcripts of all hearings in this case, and conclude that under the totality of circumstances, Kennedy did not misunderstand the consequences of his plea, nor were there any prejudicial effects.

**{¶ 61}** As an initial matter, regardless of any error regarding whether a 60-day mandatory term could be imposed as part of the sentence on the underlying crime, Kennedy was not prejudiced. The error actually benefits Kennedy, because he will not be subject to a mandatory 60-day period of imprisonment on the OVI sentence. Thus, Kennedy's sentence will actually be less severe than what the trial court outlined, and Kennedy cannot have detrimentally relied upon the trial court's misstatement in deciding to plead guilty.

**{¶ 62}** The trial court correctly told Kennedy that he was subject to a maximum penalty on the underlying charge and specification of seven and a half years (one to five years

on the specification and six to 30 months on the OVI). Transcript of March 22, 2010 Plea Hearing, pp. 7-9. Initially, the trial court did incorrectly tell Kennedy that he was not eligible for community control. Id. at p. 18. The court subsequently corrected this statement by noting that state law offered the possibility of community control after Kennedy's prison sentence was completed. The trial court noted, however, that it would not grant community control even though the law permitted it in this case. Id. at pp. 19-20. Kennedy, therefore, was properly informed about his eligibility for community control, and this is not a basis for concluding that the plea was invalid.

{¶ 63} As an additional matter, Kennedy contends that the trial court failed to mention the applicable code sections to which Kennedy was pleading. Kennedy also insists that he never said he was guilty. Kennedy's position is that he only admitted that he had driven a vehicle while intoxicated.

{¶ 64} We note that Kennedy admitted at the plea hearing, after receiving all appropriate warnings, that he had operated a motor vehicle while under the influence of drugs, and that he had five prior convictions within the past twenty years for equivalent offenses. Transcript of March 22, 2010 Plea Hearing, pp. 22-23. After hearing these admissions, the trial court required Kennedy to read a written plea agreement which listed the offenses to which Kennedy was pleading guilty. The agreement also listed all possible penalties for the crimes. In addition, the plea form specifically says:

{¶ 65} "I withdraw my former not guilty plea and enter a plea of guilty to the following offenses:

{¶ 66} "Count 1 – OVI – Ohio Revised Code §4511.19(A)(1)(a)(G)(1)(d)(i), fourth

degree felony

{¶ 67} "Count 1 - Specification Ohio Revised Code § 2941.1413."

{¶ 68} After reading the form and reviewing it with counsel, Kennedy signed the plea form. Transcript of March 22, 2010 Plea Hearing, pp. 23-24. Kennedy's arguments, therefore, are without merit.

{¶ 69} Finally, Kennedy argues that he was not adequately informed regarding the forfeiture of his automobile. We disagree. The record indicates that the forfeiture issue was discussed at length during the plea hearing, and, in fact, had been the subject of an agreement between the State and defense prior to the plea hearing. Transcript of March 22, 2010 Plea Hearing, pp. 11-12.

{¶ 70} Kennedy's Second Assignment of Error is overruled.


IV

{¶ 71} Kennedy's Third Assignment of Error is as follows:

{¶ 72} "THE TRIAL COURT ERRED BY NOT IMPOSING THE MINIMUM SENTENCE OR CONSIDERING THE POSSIBILITIES OF COMMUNITY CONTROL."

{¶ 73} Under this assignment of error, Kennedy contends that the trial court erred by failing to consider a minimum sentence or the possibilities of community control. Kennedy argues that the trial court had already concluded at the plea hearing that it was not even going to consider community control. Kennedy also maintains that the trial court failed to consider the record and imposed an unduly harsh sentence.

{¶ 74} In *State v. Bowshier*, Clark App. No. 08-CA-58, 2009 -Ohio-3429, we observed

that:

{¶ 75} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, at ¶37.

{¶ 76} " When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id. 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.' *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144." *Bowshier*, 2009-Ohio-3429, at ¶6. But, see *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶16-26, taking issue with the more-than-an-error-of-law formulation for abuse of discretion.

{¶ 77} In the case before us, the State recommended a fourteen-month prison term as part of the plea agreement. Thus, the trial court's comment that it would not consider community control would have come as no surprise to Kennedy. In addition, the trial court

was required to impose at least a one-year prison sentence, pursuant to R.C. 4511.19(G)(2) and the R.C. 2941.1413 specification. The trial court, therefore, did not act contrary to law in imposing sentence.

{¶ 78} We also find no abuse of discretion in the sentence. At the plea hearing, the State indicated that it would not be bound by the sentencing recommendation if Kennedy violated the conditions of bond while awaiting sentencing, or incurred additional charges while on bond. The sentencing hearing was subsequently delayed several months because of an injury Kennedy had sustained. By the time the sentencing hearing took place, Kennedy was the subject of a motion for bond revocation, and also had charges of criminal trespass, telephone harassment, and criminal mischief pending in municipal court. Kennedy denied culpability for those charges, and the State did not withdraw its sentencing recommendation. Nonetheless, the trial court was entitled to consider this information. The record also indicates that Kennedy had been previously imprisoned for a year in 1999, due to a burglary conviction, and that Kennedy had six prior alcohol-related offenses.

{¶ 79} In light of the information in the record, we do not find that the trial court acted unreasonably or arbitrarily in sentencing Kennedy to one year on the underlying charge and to three years on the specification. A trial court does not have to follow the prosecutor's recommendation. *State v. Darmour* (1987), 38 Ohio App.3d 160, 161.

{¶ 80} Nevertheless, because the State appears to have advocated for a fourteen-month sentence at both the plea hearing and the sentencing hearing, the following comments of Judge Wolff of this court, concurring in *State v. Lewis*, No. 2004-CA-101, 2005-Ohio-3736, are worth noting:

**{¶ 81}** "I write separately only to point out that prosecutors – in order to dispose of cases without trial – should not make sentencing recommendations that they know have no reasonable likelihood of being followed.

**{¶ 82}** "A sentencing recommendation is an inducement to forego the right to trial and is only a proper inducement if it is a realistic recommendation.

**{¶ 83}** "This is not to say that an unrealistic sentencing recommendation is necessarily a basis for reversal. Assuming arguendo that the recommendation here was unrealistic, the trial court made it abundantly clear to Lewis that the court was not bound by the State's recommendation.

**{¶ 84}** "That having been said, the integrity of the practice of plea negotiation – which is essential to the efficient administration of the criminal justice system – is better served by realistic sentencing recommendations.

**{¶ 85}** "Despite the pronouncements of trial judges that they are not bound by sentencing recommendations and despite defendants' acknowledgments of same, it cannot be denied that the prosecutor's sentencing recommendation is a factor to be considered by defendants and their counsel in determining whether to plead guilty or no contest or to go to trial.

**{¶ 86}** "Realistic sentencing recommendations can only serve the objective of well considered, well counseled pleas of guilty and no contest." Id. at ¶23-28 (Wolff, J., concurring).

**{¶ 87}** As in *Lewis*, the trial court clearly indicated to Kennedy that it did not have to follow the prosecutor's recommendations. Transcript of March 22, 2010 Plea Hearing, p. 6.

The State appears to have been motivated by Kennedy's cooperation with law enforcement, and by the fact that no one was injured as a result of Kennedy's intoxication. Transcript of October 27, 2010 Sentencing Hearing, pp. 2-3. Nonetheless, the fact that the trial court decided to impose a sentence harsher than the sentence recommended by the State, without more, is not a sufficient basis for reversal of the sentence.

{¶ 88} Kennedy's Third Assignment of Error is overruled.

V

{¶ 89} Kennedy's Fourth Assignment of Error is as follows:

{¶ 90} "KENNEDY'S SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED WHERE HIS COURT APPOINTED COUNSEL FAILED TO RESEARCH STATUTORY REQUIREMENTS OF THE CRIME KENNEDY ALLEGEDLY VIOLATED, WHERE HIS COUNSEL FAILED TO FILE EVIDENTIARY MOTIONS, AND WHERE HIS COUNSEL CONSENTED TO THE FORFEITURE OF KENNEDY'S VEHICLE PRIOR TO CONSULTING WITH KENNEDY."

{¶ 91} Under this assignment of error, Kennedy contends that his trial counsel failed to provide effective representation in two ways: (1) by failing to research the sentence enhancement statute; and (2) by consenting to the forfeiture of Kennedy's vehicle.

{¶ 92} "In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Trial counsel is entitled

to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness." *State v. Matthews,* 189 Ohio App.3d 446, 457, 2010 -Ohio- 4153, at ¶39.

**{¶ 93}** "Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. * * * Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Jackson*, Champaign App. No. 2004-CA-24, 2005-Ohio-6143, at ¶30 (citation omitted).

**{¶ 94}** The record in the case before us indicates that all parties, including the trial court, incorrectly assumed that the one-year prison sentence imposed on the OVI was subject to 60 days of mandatory time. Although a mistake occurred, Kennedy was not prejudiced. As we noted, Kennedy benefits by the correctly applied law. Accordingly, even if trial counsel should have known of the proper penalty, no prejudice occurred, because Kennedy did not prejudicially rely upon the mistake in deciding to plead guilty.

**{¶ 95}** With regard to the forfeiture of Kennedy's automobile, the trial court took the position at the plea hearing that if an indictment does not specify forfeiture, it cannot be enforced unless the defendant agrees. Transcript of March 22, 2010 Plea Hearing, pp. 9-10. The State responded that forfeiture had been raised since the beginning of the case with defense counsel, and that the parties had agreed that Kennedy's vehicle would be forfeited. Defense counsel agreed with the State.

**{¶ 96}** The trial court continued to reiterate its position that forfeiture is not mandatory

unless specified in the indictment. The court explained to Kennedy that even though the lawyers were not certain the court was correct, the court took the position that the State would have to seek additional language in the indictment to require forfeiture, unless Kennedy agreed. Id. at 10-14. After conversing with his counsel, Kennedy indicated that he wished to forfeit his vehicle. Id. at 14-15.

{¶ 97} As an initial matter, we note that the trial court's position was incorrect. R.C. 4511.19(G)(1)(d) requires trial courts to sentence offenders like Kennedy to all of several listed sanctions. One of these sanctions is outlined in R.C. 4511.19(G)(1)(d)(v), which states that:

{¶ 98} "In all cases, if the vehicle is registered in the offender's name, criminal forfeiture of the vehicle involved in the offense in accordance with section 4503.234 of the Revised Code. * * * "

{¶ 99} R.C. 4503.234(A) provides that:

{¶ 100} "If a court orders the criminal forfeiture of a vehicle pursuant to section * * * 4511.19 * * * of the Revised Code, the order shall be issued and enforced in accordance with this division, subject to division (B) of this section. An order of criminal forfeiture issued under this division shall authorize an appropriate law enforcement agency to seize the vehicle ordered criminally forfeited upon the terms and conditions that the court determines proper. * * * A forfeiture order may be issued only after the offender has been provided with an opportunity to be heard. The prosecuting attorney shall give the offender written notice of the possibility of forfeiture by sending a copy of the relevant uniform traffic ticket or other written notice to the offender not less than seven days prior to the date of issuance of the forfeiture

order. A vehicle is subject to an order of criminal forfeiture pursuant to this division upon the conviction of the offender of or plea of guilty by the offender to a violation of * * * division (A) of section 4511.19 of the Revised Code, or a municipal ordinance that is substantially equivalent to any of those sections or divisions."

{¶ 101} Division (B) of R.C. 4503.234 simply requires the police to investigate for possible lienholders or other persons with an interest in the vehicle. Those individuals are then permitted to file motions with the court and assert their interest in the vehicle. This division does not afford criminal defendants additional rights.

{¶ 102} Thus, the State does not have to add a specification to the indictment, but must only give the defendant written notice of the possibility of forfeiture by one of the two methods stated in R.C. 4503.234. Although the record does not indicate whether this was done in the case before us, there is nothing in this record to support a conclusion that Kennedy's counsel acted ineffectively regarding the forfeiture. As noted, the State and defense had discussed forfeiture since the beginning of the case, and had agreed to it.

{¶ 103} We also find no evidence of prejudice. The trial court told Kennedy that he did not have to proceed on the forfeiture issue, but Kennedy agreed to the forfeiture, after being given an opportunity to speak with his attorney.

{¶ 104} Kennedy's Fourth Assignment of Error is overruled.

VI

{¶ 105} Kennedy's First Assignment of Error having been sustained, and his other assignments of error having been overruled, that part of the judgment of the trial court making 60 days of Kennedy's one-year sentence for OMVI mandatory is Reversed; the judgment of

the trial court is Affirmed in all other respects; and this cause is Remanded for the purpose of carrying the sentence, as modified, into execution, including notification of the proper authorities.

. . . . . . . . . . . . .

DONOVAN and VUKOVICH, JJ., concur

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Nick A. Selvaggio
Joshua S. Carter
Hon. Roger B. Wilson