[Cite as *State v. Neighbors*, 2013-Ohio-3042.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

CLYDE D. NEIGHBORS


      Defendant-Appellant


Appellate Case No.    2012-CA-26

Trial Court Case No.   2012-CR-83

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2013.

. . . . . . . . . . .

JANE NAPIER, Atty. Reg. No. 61426, Champaign County Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

CLYDE D. NEIGHBORS, Inmate No. 659604, 670 Marion Williamsport Road, P.O. Box 1812, Marion, Ohio 43301

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    On April 5, 2012, Defendant-Appellant, Clyde D. Neighbors, Jr., was indicted by the Champaign County Grand Jury for one count of Burglary, a felony of the third degree, one count of Theft, a felony of the fifth degree, and one count of Theft of Drugs, a felony of the fourth degree.   On May 25, 2012, Neighbors pled guilty to the Burglary count, and the Appellee, the State of Ohio, dismissed the remaining two counts.   The State recommended that the trial court impose a nine-month prison sentence to run concurrently with a six-month prison sentence that Neighbors was already serving in Clark County.   Neighbors elected to forgo a pre-sentence investigation, and the case proceeded immediately to sentencing.

{¶ 2}    Prior to sentencing, the trial court inquired about Neighbors's criminal history, which includes three prior convictions for Breaking and Entering, Attempted Burglary, and Escape. The parties also presented information pertinent to sentencing, including Neighbors's relationship to the victims, his alcohol abuse, the items stolen, and Neighbors's remorse.   After reviewing the purposes and principles of sentencing, the trial court imposed a 36-month prison sentence to run concurrently with Neighbors's six-month prison sentence in Clark County.

{¶ 3}    Neighbors's counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), concluding that there are no meritorious issues for appeal, and asserting one possible assignment of error.   On March 27, 2013, this Court granted Neighbors 60 days in which to file a pro se brief assigning any errors for the Court's review.   Neighbors did not file a brief.

{¶ 4}    This district previously noted in *State v. Marbury*, 2d Dist. Montgomery No.

19226, 2003-Ohio-3242:

> We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. (Citations omitted.) *Id.* at ¶ 7-8

{¶ 5} Neighbors's sole potential assignment of error is as follows:

> The Trial Court Abused its Discretion by Imposing a Sentence that Was Contrary to the Recommendation of Counsel and Not Supported by the Record.

{¶ 6} Under this assignment of error, Neighbors argues that the trial court abused its discretion when it did not accept the nine-month prison sentence recommended by the State. He also argues that the 36-month prison sentence imposed was not supported by the record. Neighbors provided no case law or legal argument in support of his assignment of error.

{¶ 7} "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." (Citations

omitted.) *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 28. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 8} The trial court did not abuse its discretion when it chose not to accept the recommended nine-month prison sentence because it is well established that a trial court does not have to follow the State's recommended sentence. *State v. Kennedy*, 2d Dist. Champaign No. 2011-CA-3, 2011-Ohio-4291, ¶ 79, citing *State v. Darmour,* 38 Ohio App.3d 160, 161, 529 N.E.2d 208 (8th Dist. 1987). "When a court forewarns a defendant [that] it is not bound by recommendations of the prosecution, a court does not abuse its discretion in failing to follow that recommendation." *State v. Buckley*, 2d Dist. Darke No. 1509, 2000 WL 1209270, *1 (Aug. 25, 2000), citing *Darmour* at 161.

{¶ 9} In this case, the trial court informed Neighbors that the court would not be bound by any recommendations of counsel, and would decide the appropriate sentence based on the facts and circumstances of the case and the applicable law. Sentencing Hearing Transcript, p. 5, ln. 20-25, and p. 6, ln. 1. Accordingly, the trial court did not abuse its discretion when it did not impose the State's recommended nine-month prison sentence.

{¶ 10} The 36-month prison sentence imposed on Neighbors is within the statutory limits set forth in R.C. 2929.14(A)(3) for third-degree felonies. In arriving at the sentence, the trial court considered the purposes of felony sentencing and the felony sentencing factors set forth in R.C. 2929.11 and 2929.12. While the court was presented with mitigating factors, such as the fact that Neighbors's offense was a non-violent crime of opportunity, that alcohol abuse played a

factor, and that Neighbors had remorse for his actions, the trial court weighed Neighbors's extensive criminal history and recidivism more heavily.  Because Neighbors's criminal history supports the 36-month prison sentence,   the sentence is not unreasonable, arbitrary or unconscionable.  Accordingly, the trial court did not abuse its discretion when it sentenced Neighbors.

{¶ 11}   Neighbors's sole possible assignment of error is frivolous and is overruled.

{¶ 12}   Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record and, having done so, we agree with Neighbors's counsel, that there are no meritorious issues to present on appeal.  Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Jane Napier
Michael R. Pentecost
Hon. Roger B. Wilson
Clyde D. Neighbors
Hon. Nicola A. Selvaggio