OPINION
{¶ 1} Michael Lewis appeals from his convictions for engaging in a pattern of corrupt activity, conspiracy to engage in a pattern of corrupt activity, five counts of burglary, one count of attempted burglary, receiving stolen property, and possession of criminal tools pursuant to his pleas of guilty.
 {¶ 2} Lewis contends his convictions should be set aside because his guilty pleas were made involuntarily, unknowingly, unintelligently, and were the product of an improper inducement.
 {¶ 3} Lewis entered his guilty pleas on July 1, 2004 after having previously signed a petition to enter his pleas of guilty. Lewis was informed in the agreement and in open court by the trial court that he faced a maximum sentence of fifty years in prison as a result of his pleas. Lewis was informed that the State was recommending that he receive two three year concurrent sentences on the corrupt activity charges and community control on the remaining eight counts in the indictment.
 {¶ 4} Lewis acknowledged in the agreement and in open court that he knew that the sentence he would receive was solely a matter within the control of the judge, but that he was "prepared to accept any punishment permitted by law which this Court sees fit to impose."
 {¶ 5} The trial court told Lewis the following at the plea hearing:
 {¶ 6} "THE COURT: All right. Now, do you understand that this agreement, that is, the recommendation of the State of Ohio, is binding and will not change in this particular case?
 {¶ 7} "THE DEFENDANT: Yes, sir.
 {¶ 8} "THE COURT: You also understand that the recommendation that is made to this Court regarding disposition is just that, a recommendation. It is a recommendation that I may very well follow. However, you need to understand that there's no promise or guarantee from this Court that I will follow the recommendation of the Prosecutor.
 {¶ 9} "THE DEFENDANT: Yes, Your Honor."
 {¶ 10} The trial court then informed the defendant he could receive a sentence of fifty years if the sentences were served consecutively. (Tr. 7 and 8).
 {¶ 11} In weighing the seriousness and recidivism factors of the felony sentencing statute, the trial court noted that several of the victims of the burglaries were elderly and had been traumatized by the home invasions. The court also noted that the defendant caused damage in excess of $36,000 in less than three weeks of his crime spree.
 {¶ 12} The court also noted that the defendant had an extensive juvenile delinquency record including several probation violations in the juvenile system. The court also noted that the defendant's statements to the pre-sentence investigator indicated his "remorse goes more toward the fact that he was caught then the fact he committed the offenses." The court also noted with amazement that the defendant stated the offenses were "pretty easy to do." (Tr. 7). Lastly, the trial court noted the following at pages 8 and 9 of the disposition record:
 {¶ 13} "In this matter the Court finds two factors present. The offender previously has served a term of incarceration at the Department of Youth Services and that this offense was committed while the offender was under community control sanctions. Probably what's most significant about that factor is that upon the Defendant's release in the month of April 2004, and within a period of less than three weeks, he committed multiple burglaries, 15 of which have been identified in this particular case, along with another individual, who makes it very clear from the PSI you voluntarily joined in that crime spree because you felt it was something that you decided to do and that you thought — in fact, let me use your words. `Seemed like a good way to make money to support my drug habit.'
 {¶ 14} "Such callus[sic] insensitivity to the people you victimized just for the selfish reasons you've indicated clearly shows that a prison sentence is richly deserved in this particular case."
 {¶ 15} The court noted that the defendant was extraordinarily likely to commit future offenses. The court then imposed the maximum sentence upon the defendant for the offense of engaging in a pattern of corrupt activity, ten years to be served concurrently with the other offenses in the indictment.
 {¶ 16} It is appellant's position that the State should have been aware, at the time of making its sentencing recommendation and in light of appellant's criminal history, that the trial court would not follow the State's recommended 3 year sentence. Appellant contends he was improperly induced by the State to believe the three year sentence recommendation would be a realistic possibility. He also argues that although the trial court was careful to tell him it was not bound by the State's recommendation, the court's statement that the State's recommendation was binding lulled him into believing the court would follow the State's recommendation.
 {¶ 17} The State argues that the defendant's plea was knowingly and voluntarily entered because the defendant was fully informed by the trial court that he was not bound to accept the State's recommendation and the defendant acknowledged that he understood that. The State notes he also acknowledged he could receive a fifty year total sentence for all the offenses for which he entered his pleas. The State also argues there is no evidence the State knew the trial court would not follow its recommendation.
 {¶ 18} We agree with the State that there was no evidence that the State knew that the trial court would not follow its recommendation. In any event, the trial court made it very clear to Lewis that the court would not be bound to follow the State's recommendation. We do not find that the trial court's statement that the State's recommendation was binding on it would lead a reasonable person in believing that the State's recommendation was binding on the trial court. In short, Lewis has failed to demonstrate from this record that his plea was entered involuntarily, unknowingly, or unintelligently. He also failed to demonstrate the State improperly induced him to enter his guilty plea. The assignment of error is overruled.
 {¶ 19} The judgment of the trial court is affirmed.
 {¶ 20} DONOVAN, J., concurs.
 {¶ 21} WOLFF, J., concurs separately with opinion.