Donovan, Judge,
dissenting.
{¶ 204} I dissent. In State v. Lewis, Greene App. No. 2004-CA-101, 2005-Ohio-3736, 2005 WL 1707026, ¶ 24, Judge Wolff, in a separate concurring opinion, rightly noted that a “sentencing recommendation is an inducement to forego the right to trial and is only a proper inducement if it is a realistic recommendation.”
{¶ 205} While the prosecutor herein recommended the sentence agreed upon in the plea agreement, the investigating officer advised the court in writing that Liskany was a “dangerous serial child abuser” and that the officer had “never come across a worse case of systematic mind control and physical abuse” in 18 years of police work. This letter was part of the presentence report provided to the judge, and since it was part of the recommendation section, it likely was never viewed by defense counsel. R.C. 2951.03(B)(1)(a). Statements of this nature clearly run afoul of the recommended sentence by the prosecutor and in my view establish that the plea recommendation was indeed meaningless and lacking in good faith. Because the recommendation was wholly unrealistic, it was an improper inducement. See Lewis, Wolff, J., concurring, ¶ 24.
{¶ 206} I find instructive the reasoning in State v. Matson (Wis.App.2003), 268 Wis.2d 725, 674 N.W.2d 51. Matson appealed from convictions for child abduction and burglary as a repeat offender and from an order denying his petition for postconviction relief, arguing that the investigating officer’s letter addressed to the sentencing court requesting the maximum sentence undermined the plea agreement, which provided that the state and Matson would jointly recommend at sentencing a 10-year confinement with 10 years of extended supervision on one count and 15 years of consecutive probation on the second count. Matson did not move to withdraw his plea, but moved the court to exclude the letter from the court’s sentencing decision, arguing that it was “in essence, a breach of the plea agreement.” Id., ¶ 7. The district attorney did not oppose Matson’s motion.
{¶ 207} The circuit court “admitted that it had read the letter but not ‘seriously.’ The circuit court had also forwarded the letter to the presentence investigation writer who, in the court’s view, was the court’s ‘filter to assess and evaluate what anybody tells the agent, including [the] letter * * The circuit court noted it would consider the letter ‘insofar as it is given to me through the Department of Corrections.’ Matson objected to this procedure.” Id., ¶ 8.
*634 {¶ 208} At sentencing, the state and Matson made their joint recommendation. The presentence investigation report recommended “the maximum sentence on the abduction conviction and five years less than the maximum on the burglary conviction, to be served consecutively.” Id., ¶ 9. The court sentenced Matson to the maximum 25 years for abduction, with 18 years and 9 months of confinement and 6 years and 3 months of extended supervision, and to a consecutive 15-year probationary term for burglary. In his petition for postconviction relief, Matson requested resentencing before a different judge with a new presentence report, arguing that the “neutrality of the presentence writer was undermined by the circuit court directing him to consider the improper letter.” Id., ¶ 12.
{¶ 209} In thorough analysis, the Matson court first noted:
{¶ 210} “An accused has a constitutional right to the enforcement of a negotiated plea agreement. Consequently, once an accused agrees to plead guilty in reliance upon a prosecutor’s promise to perform a future act, the accused’s due process rights demand fulfillment of the bargain. A prosecutor who does not present the negotiated sentencing recommendation to the circuit court breaches the plea agreement.
{¶ 211} “ * * * ‘The State may not accomplish by indirect means what it promised not to do directly, and it may not covertly convey to the trial court that a more severe sentence is warranted than that recommended.’ ” (Citations omitted.) 268 Wis.2d 725, 674 N.W.2d 51, quoting State v. Hanson (Wis.App. 1999), 232 Wis.2d 291, 606 N.W.2d 278.
{¶ 212} This is exactly what happened in Liskany’s case. The Matson court next examined cases addressing the issue before it, finding persuasive the reasoning of the Florida Supreme Court in Lee v. State (Fla.1987), 501 So.2d 591, 593 (“once a plea bargain based on a prosecutor’s promise that the state will recommend a certain sentence is struck, basic fairness mandates that no agent of the state make any utterance that would tend to compromise the effectiveness of the state’s recommendation”), as well as the policy reasons set forth in dissent in State v. Sanchez (2002), 146 Wash.2d 339, 359-361, 46 P.3d 774. Matson at ¶ 22. The Matson court determined:
{¶ 213} “Because an investigative officer is the investigating arm of the prosecutor’s office, principles of fairness and agency require us to bind the investigating officer to the prosecutor’s bargain. When a defendant pleads guilty to a crime, he waives significant rights, including the right to a jury trial, the right to confront his accusers, the right to present witnesses in his defense, the right to remain silent and the right to have the charges against him proved beyond a reasonable doubt. If the guilty plea is part of a plea bargain, the State is obligated to comply with any promises it makes. When a plea rests in any *635 significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.
{¶ 214} “ * * *
{¶ 215} “Investigating officers are so integral to the prosecutorial effort that to permit one to undercut a plea agreement would, in effect, permit the State to breach its promise. If the prosecutor is obligated to comply with plea bargain promises, then the prosecutor’s investigating officers may not undercut those promises by making inconsistent recommendations.” Matson, 268 Wis.2d 725, 674 N.W.2d 51, ¶ 28-25.
{¶ 216} The Matson court concluded that “statements of the investigating officer for purposes of the sentencing hearing are the statements of the prosecutor. A prosecutor may not undercut a plea agreement directly or by words or conduct. Nor may he do so by proxy.” Id., ¶ 23, ¶ 25.
{¶ 217} It was of significance to the Matson court that the actions of law enforcement are imputed to district attorney’s office in other contexts. “In terms of discovery, the State is charged with knowledge of material and information in the possession and control of others who have participated in the investigation and evaluation of the case. Unconstitutional searches and seizures by law enforcement officers can result in suppression of evidence or even dismissal of a prosecutor’s charges.” (Citation omitted.) Id., ¶ 26. The Matson court imputed the investigating officer’s letter addressed to the circuit court to the prosecutor, concluding that the letter “constituted a material and substantial breach of the plea agreement. Prejudice is presumed and always results from such a manifest injustice.” Id., ¶ 27. The court ordered that Matson be resentenced and that a new presentence report be prepared.
{¶ 218} The majority herein is satisfied that the trial court indicated to Liskany that it was not bound by the terms of the plea agreement and that Liskany indicated that he understood that fact. Liskany’s attorney, however, testified: “I informed [Liskany] of the things that were said behind closed doors. I informed him of what the Judge said months ago to my associate that he was a, quote, good candidate for judicial release. That came from the Judge’s mouth in a final pretrial. That is the information that was given to him that he had to digest whether he wanted to do the plea.” It is also crystal clear from the record that counsel was ill-prepared for the plea hearing, erroneously informing Liskany based upon his young associate’s errors that the sentence was an agreed four-year term, and the court did the bare minimum to dispel that misunderstanding.
{¶ 219} On this record, I would find that Liskany’s plea was not entered knowingly, voluntarily, or intelligently. I conclude that Liskany’s plea rested in large part upon a meaningless and unrealistic recommendation by the prosecutor, *636 one completely at odds with the investigating officer’s evaluation of the case. This hollow and sham inducement was only exacerbated by defense counsel’s ill-preparedness and advice that, according to the judge, Liskany was a good candidate for judicial release. I note that this assertion regarding judicial release was not addressed by the trial court, and Liskany’s 16-year sentence clearly makes him ineligible for judicial release. Implicit in the investigating officer’s letter is a recommendation for a harsher sentence, and in my view the letter demonstrates that the recommendation of not more than four years was not made in good faith. As in Matson, I believe that a manifest injustice is demonstrated, thus I would find that the trial court abused its discretion in denying Liskany’s motion to withdraw his plea. In reaching this conclusion, I am mindful of the gravity of these charges, but I believe the law compels a reversal.