[Cite as *State v. Barron*, 2012-Ohio-5787.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO :

     Plaintiff-Appellee : C.A. CASE NOS.    25059 and 25074

v. : T.C. NO.    11CR4097/1
                                       08CR3222

EDROYCE BARRON :
                                     (Criminal appeal from
     Defendant-Appellant :     Common Pleas Court)

:

. . . . . . . . . .

**O P I N I O N**

Rendered on the   7th   day of    December   , 2012.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ANTONY A. ABBOUD, Atty. Reg. No. 0078151, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

       **{¶ 1}** Edroyce Barron appeals from two judgments of the Montgomery

County Court of Common Pleas, which (1) sentenced him for committing robbery and tampering with evidence and (2) imposed a sentence for violating his post-release control by committing those felonies. We have consolidated these cases for purposes of appeal.

I.

{¶ 2} In November 2008, Barron pled guilty to burglary, a second degree felony, in Montgomery C.P. No. 2008 CR 3222/2. The court sentenced him to five years of community control and informed him that he faced two years in prison if he violated his community control sanctions. Barron's community control was revoked in January 2010, and he was sentenced to two years in prison, to be served concurrently with a nine-month sentence imposed on the same day in another case. At his revocation and sentencing hearing, Barron was told that he would be subject to a mandatory three years of post-release control upon his release from prison; this requirement was reflected in the court's judgment entry. Barron did not appeal from the revocation of his community control.

{¶ 3} Barron was released from prison on July 26, 2011, and he was placed on post-release control.

{¶ 4} In February 2012, Barron pled guilty in Montgomery C.P. No. 2011 CR 4097/1 to robbery (physical harm), a second degree felony, and tampering with evidence, a third degree felony. The trial court sentenced him to six years for the robbery and 36 months for tampering with evidence, to be served concurrently with each other. The trial court told Barron that, since he would be serving a prison term for a first- or second-degree felony, he was "not eligible for shock incarceration or intensive prison program." During the same hearing, the trial court sentenced Barron for violating the conditions of his

post-release control in Montgomery C.P. No. 2008 CR 3222/2 by committing these two felonies. The trial court imposed a term of 30 months in prison for the violation, to be served consecutively to the six-year sentence for robbery and tampering with evidence.

{¶ 5} Barron appeals from his sentence for the robbery and tampering with evidence charges, as well as his sentence for the violation of his post-release control. He raises two assignments of error.

## II.

{¶ 6} Barron's first assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO MAKE A FINDING SETTING FORTH ITS REASONS FOR DISAPPROVING SHOCK INCARCERATION AND INTENSIVE PRISON PROGRAM.

{¶ 7} In his first assignment of error, Barron claims that the trial court erred in failing to set forth its reasons for disapproving placement in a program of shock incarceration and an intensive prison program.

{¶ 8} Barron relies on our recent opinion in *State v. Allender*, 2d Dist. Montgomery No. 24864, 2012-Ohio-2963, in which we found that the trial court erred when it failed to articulate its reasons for its disapproval. We held that R.C. 2929.19(D) "requires that the trial court provide its reasons for disapproving shock incarceration or the intensive program prison [sic], not merely that the record supports reasons for disapproval that the trial court might have had, but did not express." *Allender* at ¶ 26. It was significant that the defendant in *Allender* was eligible for shock incarceration or the intensive prison program, yet the trial court failed to articulate its reasons for disapproving those programs;

he pled guilty to several third degree felonies.

{¶ 9}   Not all offenders are eligible for shock incarceration or an intensive prison program.   R.C. 5120.032(B)(2), which sets forth the eligibility criteria for an intensive prison program, excludes individuals who are serving a prison term for "aggravated murder, murder, or a felony of the first- or second-degree * * *."   *Id.*   R.C. 5120.031, the shock incarceration statute, defines an "eligible offender" as a person who has pled guilty to or been convicted of a felony, except those individuals who are ineligible to participate in an intensive prison program.

{¶ 10}   Barron was sentenced for robbery, a second degree felony, which rendered him ineligible for both shock incarceration and an intensive prison program.   The trial court expressly told him at sentencing that he was ineligible for shock incarceration or an intensive prison program because he was "serving a prison term for a first- or second-degree felony." The judgment entry accurately reflects his lack of eligibility.   We find no fault with the trial court's statements regarding Barron's ineligibility for shock incarceration and intensive prison programs.

{¶ 11}   The first assignment of error is overruled.

III.

{¶ 12}   Barron's second assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO MAKE A FINDING SETTING FORTH ITS REASONS FOR SENTENCING THE DEFENDANT-APPELLANT TO A THIRTY-MONTH CONSECUTIVE SENTENCE.

{¶ 13} In his second assignment of error, Barron claims that the trial court committed reversible error by failing to set forth its reasons for making his 30-month sentence for violating his post-release control consecutive to the sentence imposed for robbery and tampering with evidence.

{¶ 14} R.C. 2929.141 addresses the commission of an offense by a person under post-release control. It provides:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
>
> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. *A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony.* The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

(Emphasis added.) R.C. 2929.141(A).

{¶ 15}  Barron asserts that, "if the trial court is going to use its discretionary powers to impose a maximum consecutive sentence, then it shall have to make a finding setting forth reasons why the imposition of an additional sentence is necessary."  He emphasizes that the trial court was not required to terminate post-release control and impose a prison sentence.

{¶ 16}  In Barron's case, the trial court elected to terminate Barron's post-release control and sentence him to 30 months in prison, *i.e.*, the amount of time remaining on his post-release control.  It told Barron that "by statute that [sentence] has to run consecutive to Count 1 [robbery] and Count 2 [tampering with evidence] of the Court's sentence."  Under R.C. 2929.141(A)(1), the trial court was authorized to terminate Barron's post-release control and impose a sentence representing the time remaining on his term of post-release control.  Moreover, the court was correct that R.C. 2929.141(A)(1) specifically required the prison term imposed for the post-release control violation to be served consecutively to the prison term imposed for the new felonies, namely robbery and tampering with evidence. The statute does not require the trial court to make any findings before terminating post-release control and imposing a specific prison sentence for the violation.

{¶ 17}  Barron's second assignment of error is overruled.

IV.

**{¶ 18}** The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Michele D. Phipps
Antony A. Abboud
Hon. Dennis J. Adkins