[Cite as *State v. Lewis*, 2013-Ohio-809.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                          :          C.A. CASE NO.    2012-CA-31

v.                                                          :          T.C. NO.    04CR295

MICHAEL T. LEWIS                            :          (Criminal appeal from
                                      Common Pleas Court)

     Defendant-Appellant                       :

                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    8th    day of    March   , 2013.

. . . . . . . . . .

NATHANIEL R. LUKEN,  Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene St.,
Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

MARK A. DETERS,  Atty. Reg. No. 0085094, 1800 Lyons Road, Dayton, Ohio 45458
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

        **{¶ 1}**   Michael T. Lewis appeals from a judgment of the Greene County

Court of Common Pleas, which resentenced him, on the State's motion, due to the improper

imposition of postrelease control in the original sentencing proceedings. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} In 2004, Lewis pled guilty to one count of engaging in a pattern of corrupt activity (Count 1), one count of conspiracy to engage in a pattern of corrupt activity (Count 2), five counts of burglary, one count of attempted burglary, one count of receiving stolen property, and one count of possession of criminal tools. In exchange for his plea, the prosecutor agreed to recommend three-year sentences on Counts 1 and 2, to be served concurrently, and to recommend community control on the remaining counts. The trial court sentenced Lewis to ten years on Count 1, seven years on Count 2, and to lesser prison sentences on the other counts, all to be served concurrently, for an aggregate term of ten years. The judgment ordered Lewis to pay restitution in the amount of $12,198.19 and stated that postrelease control was mandatory "up to a maximum of 5 years." We affirmed his conviction and sentence on appeal. *State v. Lewis*, 2d Dist. Greene No. 2004-CR-295, 2005-Ohio-3736.

{¶ 3} In January 2012, the State filed a Motion to Correct Post Release Control. After a hearing at which Lewis participated by video-conferencing, the trial court imposed a mandatory term of postrelease control of five years on Count 1 and imposed lesser amounts of mandatory or "optional" postrelease control on all of the other counts.[1] In response to an

---

[1] Although the trial court set forth multiple terms of postrelease control, only one may be served. *See, e.g., State v. Jones,* 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446, ¶ 9, citing *State v. Simpson*, 8th Dist. No. 88301, 2007-Ohio-4301, ¶ 109 ("There is nothing in R.C. 2967.28 which permits a trial court to impose multiple periods of postrelease control for each felony conviction. When offenders are convicted of multiple first-degree felonies, courts shall impose 'a mandatory term' of postrelease control, set forth in R.C. 2967.28(B)(1), not multiple terms.")

acknowledgment by the State that Counts 1 and 2 were allied offenses of similar import and the State's election to proceed on Count 1, the court merged Count 2 into Count 1. In all other respects, the original sentence was left undisturbed, and the aggregate sentence remained 10 years.

{¶ 4} Lewis raises five assignments of error on appeal.

{¶ 5} Lewis's first assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO CONDUCT A DE NOVO RESENTENCING HEARING.

{¶ 6} Lewis contends that the trial court should have conducted a de novo sentencing hearing. However, his resentencing hearing was for the limited purpose of correcting a defect in the imposition of postrelease control. It is well established that, when a trial court errs in imposing a term of postrelease control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27. Where postrelease control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id*. at ¶ 34. *See, also, State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 19. The case upon which Lewis relies, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, was reversed by *Fischer*. Thus, no issues other than postrelease control were subject to review by the trial court at Lewis's resentencing hearing, and the trial court did not err in refusing to sentence him de novo.

{¶ 7}     Based on the holding in *Fischer* that res judicata applies to all aspects of the conviction and sentence that are not void, and because of our affirmance of Lewis's conviction on direct appeal, it may be questionable whether the trial court had jurisdiction to merge Counts 1 and 2, despite the State's acknowledgment that these counts were allied offenses of similar import.   But the State initiated the merger of Counts 1 and 2 in this case, Lewis arguably benefitted from it, and neither party has challenged the merger on appeal. Therefore, we will not review the trial court's merger of these offenses.

{¶ 8}     The first assignment of error is overruled.

{¶ 9}     Lewis's second assignment of error states:

THE TRIAL COURT ERRED BY ALLOWING APPELLEE TO BREACH

ITS PLEA AGREEMENT WITH APPELLANT.

{¶ 10}    At the hearing for the proper imposition of postrelease control, the prosecutor stated: "The State would incorporate by reference any previous statements put on the record during the September 2nd, 2004, sentencing hearing.  We would ask to impose the same sentence previously given in this case, * * * ."   Lewis contends that the State's statement that the trial court should reimpose the original sentence, except with respect to postrelease control, violated the provision of his plea agreement by which the State agreed to recommend a sentence of three years on Counts 1 and 2 and community control on the remaining counts.

{¶ 11}    We disagree with Lewis's contention that the State violated his plea agreement by encouraging the trial court to "impose" its original sentence except with respect to postrelease control.  As we discussed above, the trial court was authorized to address only the portion of the sentence related to postrelease control, because only that portion of its

sentence was void. *Fischer* at ¶ 28. The trial court was not permitted to modify other parts of the original sentence, and the prosecutor's statement accurately reflected this fact. The prosecutor's statement did not violate the plea agreement upon which Lewis's original sentence was based.

{¶ 12} The second assignment of error is overruled.

{¶ 13} Lewis's third assignment of error states:

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 14} Lewis claims that his attorney at the resentencing hearing, who had not previously been involved with his case, did not provide effective assistance of counsel because she was not prepared, had not reviewed the record, failed to clarify the plea agreement, and failed to object to the prosecutor's breach of the plea agreement.

{¶ 15} To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Id.*

{¶ 16} We have already discussed the very limited purpose of the resentencing to properly impose postrelease control in this case and the trial court's inability to modify any

other portion of the sentence. Because of these limitations, even if we were to assume that counsel failed to review the earlier proceedings, including the plea agreement, we would find no basis to conclude that Lewis had been prejudiced by this failure or had been denied the effective assistance of counsel. The earlier proceedings were not directly relevant to the matter before the court at the 2012 hearing. Moreover, we have addressed Lewis's argument that his plea agreement was violated at the resentencing hearing; having found this argument to be without merit, we likewise find that he was not denied the effective assistance of counsel by counsel's failure to raise this argument.

{¶ 17} The third assignment of error is overruled.

{¶ 18} Lewis's fourth and fifth assignments of error state:

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A MAXIMUM PRISON SENTENCE.

THE TRIAL COURT ERRED BY FAILING TO GIVE ITS REASONS FOR DISAPPROVING INTENSIVE PROGRAM PRISON AT SENTENCING.

{¶ 19} Lewis's fourth and fifth assignments address sentencing issues unrelated to postrelease control. As we stated above, the trial court was not at liberty to alter those sentences because we had affirmed Lewis's convictions on appeal, and they "remain[ed] valid under the principles of res judicata.'" *Fischer* at ¶ 17. The trial court did not err in failing to revisit these issues. Moreover, Lewis was not eligible for intensive program prison, because he had been convicted of a felony of the first degree. R.C. 5120.032(B)(2); *State v. Barron*, 2d Dist. Montgomery Nos. 25059 and 25074, 2012-Ohio-5787, ¶ 9.

{¶ 20} The fourth and fifth assignments of error are overruled.

{¶ 21}     The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Nathaniel R. Luken
Mark A. Deters
Hon. Stephen A. Wolaver