[Cite as *State v. Grubbs*, 2013-Ohio-4611.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                  :                    C.A. CASE NO.     25522

v.                                                       :                    T.C. NO.     11CR3464

MICHAEL H. GRUBBS                         :                    (Criminal appeal from
                                                                            Common Pleas Court)
    Defendant-Appellant              :

                                                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____18th____ day of ____October____, 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

WILLIAM T. DALY, Atty. Reg. No. 0069300, 70 Birch Alley, Suite 240, Dayton, Ohio 45440
    Attorney for Defendant-Appellant

MICHAEL H. GRUBBS, #675114, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   After the trial court overruled his motion to suppress evidence, Michael H. Grubbs was found guilty by a jury of possession of heroin and possession of cocaine.  He was sentenced to an aggregate term of three years in prison.  Grubbs appeals from his conviction.

{¶ 2}   Grubbs's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal.  By entry, we informed Grubbs that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date to file a pro se brief.  Grubbs did not file a pro se brief.

{¶ 3}   The case is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).  We find no potential assignments of error having arguable merit.  Accordingly, the judgment of the trial court will be affirmed.

{¶ 4}   On October 6, 2011, City of Dayton police officers obtained and executed a search warrant at 4541 Blueberry Avenue in Dayton.  The search warrant was based on information from a confidential informant, controlled drug purchases by the confidential informant, and police officers' observations of activities at the house.  The warrant stated that there was probable cause to believe that items connected with the sale of drugs would be found at the house or on the person of "Little D," an  "unknown black/male" who was the confidential informant's contact at the house.

{¶ 5}   When the police executed the warrant, three people were present, including Grubbs.  Based on a conversation between a police officer and Grubbs on the back porch of

the house, during which Grubbs was not under arrest, the officer connected Grubbs with some of the drugs in the house. Specifically, Grubbs identified the room in which he had been staying, and the police found a baggie of crack cocaine and a baggie of gelcaps containing heroin in that particular bedroom.

{¶ 6} Grubbs was arrested and charged with: 1) possession of heroin in an amount greater than one gram but less than five grams, a felony of the fourth degree, and 2) possession of cocaine in an amount greater than 20 grams but less than 27 grams, a felony of the second degree. A plea of not guilty was entered on Grubbs's behalf, and he filed a motion to suppress. The motion asserted that the search was "unconstitutional and illegal" because Grubbs was not identified on the warrant (and did not fit the description of the person who was described therein) and because two addresses "were used * * * interchangeably" on the warrant.

{¶ 7} Following a hearing, the trial court overruled the motion to suppress. With respect to the addresses on the affidavit in support of the search warrant, the trial court concluded that the second address (other than the Blueberry Avenue location of the search) was "merely a prior address of Little D," and that the addresses were "in no way being used interchangeably." The other address was a prior address of the dealer from whom the confidential informant had purchased drugs. The court further found that Grubbs's detention was reasonable, although he was not specifically identified on the search warrant, because the police had a reasonable belief that the house was the scene of criminal activity and "it was reasonable to detain the individuals inside" while they investigated. The court also concluded that Grubbs's statements would not be suppressed because the police officer

who interviewed him "credibly testified" that Grubbs had been informed of his rights before each of the officer's conversations with Grubbs and that other procedural safeguards were followed, such as ending the conversations when Grubbs expressed a desire to do so.

{¶ 8} Grubbs was tried by a jury on October 22 and 23, 2012. He was found guilty as charged on both counts. The trial court sentenced Grubbs to twelve months of imprisonment for possession of heroin and to a mandatory three-year term for possession of cocaine, to be served concurrently. The court also suspended Grubbs's driver's license and imposed a three-year mandatory term of postrelease control on the cocaine charge.[1]

{¶ 9} Grubbs appeals from his conviction, but his appellate attorney has stated in the brief that he is unable to locate any meritorious issues for appeal. Neither Grubbs nor his attorney raises any assignments of error. The attorney's brief makes reference to the arguments contained in the motion to suppress regarding the second address on the affidavit and the absence of Grubbs's name or description on the search warrant but, like the trial court, he finds these arguments to be without merit.

{¶ 10} We agree with appellate counsel's assessment that the affidavit in support of the search warrant was sufficient to support the issuance of a warrant, that the reference in the affidavit to another address at which "Little D" had previously dealt with the confidential informant did not in any way confuse the locations of the drugs sales that were pertinent to the search warrant, and that Grubbs's presence at the home when the warrant was executed justified further investigation of his involvement, even if his name was not listed on the warrant.

---

[1] The trial court imposed a discretionary three-year term of postrelease control on the count of possession of heroin as well, but only one term of postrelease control may be served. *See State v. Lewis*, 2d Dist. Greene No. 2012-CA-31, 2013-Ohio-809, fn. 1.

{¶ 11}   Furthermore, with regard to the jury trial, we find no arguably meritorious issues for appeal.   The State presented the testimony of four detectives; the defense called one witness, a forensic chemist, who testified about lab procedures at the Miami Valley Regional Crime Lab, the identity of the substances found at 4541 Blueberry, and their weight.   Voir dire was conducted appropriately, the evidence against Grubbs was properly admitted, the jury instructions were complete and appropriate, and sufficient evidence was presented to support the verdict. The jury asked one question during its deliberations, which the court reasonably resolved, with input from both attorneys, by referring to a definition that had already been provided in the instructions.   The jury's verdict was not against the manifest weight of the evidence and its verdict forms were properly completed.   The trial court's sentences were within the statutory range for the offenses.   (R.C. 2929.14(A)(2 and 4)).

{¶ 12}   Upon review of the entire record, we agree with appellate counsel that there are no issues having arguable merit.

{¶ 13}   The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
William T. Daly
Michael H . Grubbs
Hon. Barbara P. Gorman