[Cite as *State v. Sealey*, 2025-Ohio-2437.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| ANTOINE J. SEALEY, JR. | : | Case No. 24-COA-038 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 24-CRI-235


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 July 9, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    BRIAN A. SMITH
JAMES B. REESE, III                       123 South Miller Road
110 Cottage Street                        Suite 250
Ashland, OH  44805                        Fairlawn, OH  44333

*King, J.*

{¶ 1}   Defendant-Appellant Antoine J. Sealey, Jr. appeals the November 1, 2024 judgment of the Ashland County Court of Common Pleas which imposed an agreed-upon sentence plus the balance of Sealey's post-release control time. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 16, 2024, as the result of a traffic stop, Sealey was found in possession of a stolen 9 mm handgun. Sealey told officers he had purchased the gun for $70. Sealey was on post-release control at the time of the offense.

{¶ 3}   Sealey was subsequently charged with one count of having weapons under disability, a felony of the third degree, and one count of receiving stolen property, a felony of the fourth degree. The charge of receiving stolen property contained a firearm specification.

{¶ 4}   Following plea negotiations with the State, Sealey agreed to enter a negotiated plea. For his part, Sealey agreed to plead as charged. In return, the State agreed to recommend the minimum sentences for each count, to be served concurrently, with the exception of the firearm specification. The parties agreed to argue only as to the potential sentence for the time Sealey had left on post-release control.

{¶ 5}   On October 31, 2024, Sealey appeared for a change-of-plea hearing. After accepting Sealey's guilty pleas, the trial court imposed the sentence agreed upon by the parties and additionally imposed the balance of Sealey's post-release control time; 1,452 days.

{¶ 6} Sealey timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 7} "THE TRIAL COURT'S IMPOSITION OF A PRISON SENTENCE UPON APPELLANT FOR A VIOLATION OF POST-RELEASE CONTROL WAS AN ABUSE OF DISCRETION."

{¶ 8} In his sole assignment of error, Sealey argues the trial court abused its discretion when it imposed a prison sentence after Sealey committed a new offense while on post release control. We disagree.

Applicable Law

{¶ 9} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate

court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 11} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a

sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 12} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), rev'd on other grounds, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 13} "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).

{¶ 14} R.C. 2929.141 governs the commission of offenses by person under post-release control. Subsection (A)(1) states upon conviction of a felony by a person on post-release control at the time of the commission of the felony, a trial court may terminate the term of post-release control and may impose a prison term for the post-release control violation. The section mandates that a "prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony." Terminating post-release control and imposing a prison term for a violation is within a trial court's discretion, but if a prison term is imposed, consecutive service is mandatory, not discretionary.

{¶ 15} We note that in the instant matter, the trial court imposed an agreed-upon sentence. As the Second District recently noted:

Agreed sentences, like the ones in this case, are generally not reviewable on appeal, as R.C. 2953.08(D)(1) provides that: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, citing R.C. 2953.08(D)(1). "If all three conditions are met, the defendant may not appeal the sentence." *Id.* Accord *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 16.

{¶ 16} *State v. Coffee*, 2023-Ohio-474, ¶ 11 (2d Dist.); Accord, *State v. Hampton*, 2023-Ohio-1868, ¶ 12 (5th Dist.).

## Sealey's Arguments

{¶ 17} Sealey appears to make two separate arguments. He first argues the trial court erred by imposing a prison sentence for his violation of post-release control, and

second, he argues the trial court abused its discretion in imposing the time he had remaining on post-release control.

## Plea Negotiations & Agreed-Upon Sentence

{¶ 18} Sealey argues the trial court abused its discretion in revoking his post-release control and imposing a prison sentence. But that is exactly what Sealey agreed to. The parties agreed that Sealey would plead guilty as charged. In return the State would recommend minimum, concurrent prison terms on each count. The basis for the State's recommendation of minimum sentences, according to trial counsel for Sealey was the fact that Sealey "has significant PRC time and that's – that's why it was going to be done that way. There is no agreement, as I understand it, to the PRC. That's up to the Court." Transcript of plea and sentence, October 31, 2024, (T.), at 3-4. The State agreed the "leniency is because of the amount of PRC time that Mr. Sealey has over his head." T. at 5. Sealey expressed his understanding of the agreement, and that the parties would argue at sentencing as to his post-release control time. T. at 6-7. The trial court subsequently imposed the sentence the parties had agreed upon. We therefore find Sealey's sentence for the new crimes committed in violation of his post release control are not reviewable on appeal. We nonetheless find the sentences are not contrary to law as Sealey was sentenced to the minimum terms for each offense and the trial court made the appropriate statutory findings both on the record and in its sentencing judgment entry.

## Imposition of Post-Release Control Time

{¶ 19} The imposition of Sealey's post-release control time, however, is reviewable as there was no agreement between the parties as to the imposition of Sealey's post-release control time. Trial courts have discretion regarding whether or not to impose the

balance of a term of post-release control when sentencing an offender who has committed a new offense while on post-release control. *State v. Boyd*, 2018-Ohio-4709, ¶10 (5th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process that would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 20}  In exercising its discretion under R.C. 2929.141, a trial court is not required to make any findings before terminating post-release control and imposing a prison sentence for the violation, but "must consider the statutory criteria that apply to any felony offense, including those set forth in R.C. 2929.11 and R.C. 2929.12." *State v. King,* 2022-Ohio-3359, ¶ 16 (2d Dist.), citing *State v. Smith*, 2021-Ohio-3099, ¶ 25 (8th Dist.); *State v. Barron*, 2012-Ohio-5787, ¶ 16 (2d Dist.).

{¶ 21} The record reflects the trial court exercised its discretion to impose Sealey's remaining post-release control time because he repeated past conduct while on post-release control. In doing so the court stated it had considered the purposes and principles of sentencing and the seriousness and recidivism factors contained in R.C. 2929.11 and R.C. 2929.12. T. 20-21. While Sealey provides his own analysis of these factors, as noted above, we may not substitute our own judgment for that of the trial court. We therefore

find that the trial court did not act unreasonably, arbitrarily, or unconscionably in imposing Sealey's post-release time to be served consecutively with his sentence for his new crimes.

{¶ 22} The sole assignment of error is overruled.

{¶ 23} The judgment of the Ashland County Court of Common Pleas is affirmed.

By: King, P.J.

Hoffman, J. and

Popham, J. concur.