[Cite as *State v. Williams*, 2026-Ohio-1425.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00045 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2024 CR 00830 |
| CARL S. WILLIAMS, JR., | Judgment:  Vacated and Remanded |
| Defendant - Appellant | Date of Judgment Entry: April 20, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** KENNETH W. OSWALT, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*Montgomery, J.*

{¶1}  Defendant/Appellant, Carl S. Williams ("Appellant"), appeals the trial court's decision to impose consecutive sentences alleging that the trial court did not make the findings required by R.C. 2929.14(C). We agree.

**STATEMENT OF THE CASE**

{¶2}  Appellant was indicted on six counts of Receiving Stolen Property in violation of R.C. 2913.51(A), two counts of Forgery in violation of R.C. 2913.31(A)(3), and one count of Breaking and Entering in violation of R.C. 2911.13(B) in the Licking County Common Pleas Court.

{¶3} Appellant pled guilty to all the charges contained in the indictment and the trial court set the matter for sentencing.

{¶4} Appellant was on post-release control at the time he committed the offenses.

{¶5} Appellant was sentenced to 8 months in prison on each count to be served consecutively to one another. Appellant was also ordered to serve two additional years which represented the remainder of his post-release control. This sentence was ordered to be served consecutively to sentences imposed on the current offenses. The total aggregate sentence imposed upon Appellant was eight years in prison.

**ASSIGNMENTS OF ERROR**

{¶6} Appellant filed a timely appeal and asserts the following assignments of error.

{¶7} "I. THE TRIAL COURT'S SENTENCE OF APPELLANT, WITH RESPECT TO ITS SENTENCE OF APPELLANT ON COUNTS ONE THROUGH NINE, WAS CONTRARY TO LAW AND CONSTITUTED PLAIN ERROR BECAUSE THE TRIAL COURT FAILED TO MAKE THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4) IN ORDER TO IMPOSE CONSECUTIVE SENTENCES, AT APPELLANT'S SENTENCING HEARING."

{¶8} "II. THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT, BECAUSE ITS FINDINGS UNDER R.C. 2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD."

{¶9} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A PRISON SENTENCE UPON APPELLANT FOR A VIOLATION OF POST-RELEASE CONTROL, PURSUANT TO R.C. 2929.141."

**ANALYSIS**

**{¶10}** Appellant argues in his first assignment of error the trial court committed plain error when it failed to make the findings required by R.C. 2929.14(C) prior to imposing consecutive sentences. Appellant argues in his second assignment of error that the trial court committed plain error when the record does not support the imposition of consecutive sentences. We will address these assignments together.

**{¶11}** An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under the relevant statutes or that the sentence is otherwise contrary to law. *State v Marcum*, 146 Ohio St.3d 516 (2016).

**{¶12}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶13}** The Ohio Supreme Court has stated that when reviewing a trial court's imposition of consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

**{¶14}** When a defendant has been found guilty of multiple offenses a trial judge is required to make statutory findings set forth in R.C. 2929.14(C) prior to imposing consecutive sentences. *Id.*, at ¶ 26.

**{¶15}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**(a)** The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**(b)** At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**(c)** The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** In the case at hand, Appellant was sentenced to consecutive sentences. Prior to the imposition of said sentences, the trial court made some of the findings required by R.C. 2929.14(C). The trial judge stated on the record, "You acted as part of organized

criminal activity. Every recidivism more likely factor is there other than the fact that you recognize your addiction and are asking for treatment." *Sentencing Transcript*, p. 22.

{¶17} The trial judge also found, "I find that consecutive sentences are not disproportionate to the seriousness of your conduct or the danger that you pose to the public, and, further, that these offenses were committed while on post-release control and are necessitated by your criminal history." *Id.*, p. 24.

{¶18} While the trial court made some of the findings required under R.C.2929.14(C)(4) to support consecutive sentences, the trial court failed to find that consecutive sentences were necessary to protect the public from future crime or to punish the offender.

{¶19} Although a word-for-word recitation of the language of the statute is not required, if a reviewing court can discern that the trial court engaged in the correct analysis and be able to determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Bonnell*, at ¶ 29.

{¶20} A trial court is required to make the findings mandated by R.C. 2929.14(C) at the sentencing hearing and incorporate its findings into its sentencing entry. In the case at hand, the trial court failed to address whether the imposition of consecutive sentences was necessary to protect the public from future crime or punish the offender that is mandated by R.C. 2929.14(C) on the record at the time of the sentencing hearing.

{¶21} Appellant failed to object to the trial court's imposition of sentence at the time of the sentencing hearing, therefore, this Court will review the sentence for plain error. "In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the proceeding clearly would have been different but for the error." *State v. Reeves*, 2024-Ohio-4650, ¶ 39 (5th Dist.).

{¶22} The trial court committed plain error and failed to make the findings mandated by R.C. 2929.14(C) prior to imposing consecutive sentences, therefore Appellant's sentence is contrary to law.

{¶23} Appellant's first and second assignments of error are well taken.

{¶24} Appellant argues in his third assignment of error that the trial court abused its discretion in imposing a prison sentence upon Appellant for a violation of post-release control, pursuant to R.C. 2929.141.

{¶25} R.C. 2929.141(A)(1) states upon conviction of a felony by a person on post-release control at the time of the commission of the felony, a trial court may terminate the term of post-release control and may impose a prison term for the post-release control violation.

{¶26} As previously stated, this Court reviews the imposition of felony sentences pursuant to R.C. 2953.08(G)(2)(a). This Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under the relevant statutes or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516 (2016).

{¶27} This Court has stated, "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.).

{¶28} In exercising its discretion under R.C. 2929.141, a trial court is not required to make any findings before terminating post-release control and imposing a prison sentence for the violation, but "must consider the statutory criteria that apply to any

felony offense, including those set forth in R.C. 2929.11 and R.C. 2929.12." *State v. Sealey*, 2025-Ohio-2437, ¶ 20 (5th Dist.), citing *State v. King*, 2022-Ohio-3359, ¶ 16 (2d Dist.).

**{¶29}** In the case at hand, the trial judge stated on the record, "[t]he Court's considered the purposes and principles of sentencing set out under Section 2929.11 as well as the seriousness and recidivism factors set out under Section 2929.12." *Sentencing Transcript*, p. 22. The trial court also stated in its Judgment Entry filed on May 16, 2025, that it had considered "[t]he principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

**{¶30}** The sentence imposed by the trial court is not contrary to law and Appellant's third assignment of error is overruled.

## CONCLUSION

{¶31} For the reasons stated in our accompanying Opinion, this Court reverses the judgment of the Licking County Court of Common Pleas, vacates the sentence, and remands the matter to the trial court for resentencing.

{¶32} Costs to Appellee.

By: Montgomery, P.J.

Hoffman, J. and

Baldwin, J. concur.